UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PETER ACQUAVIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| AARENE CONTRACTING, L.L.C., | ) | |
| and GARY L. MILLS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **COMPLAINT**

COMES NOW the Plaintiff Peter Acquaviva ("Acquaviva" or "Plaintiff"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiff brings this lawsuit against Defendants Aarene Contracting, L.L.C. ("Aarene" or "Defendant") and individual defendant Gary L. Mills ("Mills" or "Defendant") (collectively "Defendants"), to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

1

## **Parties**

2.

Plaintiff worked for Aarene under the job title of "Construction Superintendent" beginning in or about early February, 2013, and continuing until his employment ended on or about October 27, 2013 (the "relevant period").

3.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, Aarene is a Georgia for-profit corporation and may be served with process through its registered agent Corporation Service Company, at 40 Technology Pkwy South, #300, Gwinnett, Norcross, Georgia 30092, located within this judicial district.

4.

Aarene may also be served with process by service upon Defendant Mills as a corporate officer of Defendant Aarene at Defendant Aarene's principal place of business located at 197 Roswell Street, Alpharetta, Georgia 30009.

5.

Mills is a Georgia resident subject to service at Aarene's principal place of business located at 197 Roswell Street, Alpharetta, Georgia 30009, or at his

address of 5055 Walnut Creek Trail, Alpharetta, Georgia 30005, located within this judicial district.

## Jurisdiction and Venue

6.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

7.

Plaintiff was employed by Aarene in this judicial district, Defendants reside and do business in this judicial district, and venue is therefore proper in this Court.

8.

Plaintiff was an "employee" during his employment with Aarene as defined by the FLSA and was entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

9.

Aarene was at all times during the relevant period and thereafter an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b)&(d).

3

10.

Aarene was, at all times during the relevant period in this Complaint and thereafter, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

11.

At all times throughout the relevant period, Defendant Mills was in fact Aarene's corporate officer.

12.

At all times throughout the relevant period in this Complaint and thereafter, Defendant Mills was responsible for classification of Plaintiff's overtime status and for payment of Plaintiff's wages under the FLSA, and was a corporate officer with operational control of Aarene's covered enterprise, and may therefore be held liable in an individual capacity as an "employer" for Aarene's failure to pay overtime compensation to Plaintiff in violation of § 207 of the FLSA.

13.

Plaintiff was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during his employment with Aarene during the relevant period, and Plaintiff, in fact, engaged in interstate work for Aarene by working on a project in Charleston, South Carolina during a portion of the relevant period.

14.

Plaintiff was covered by the maximum hours provisions of the FLSA throughout his employment with Aarene as an employee "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

15.

Jurisdiction and venue are proper in this Court as to all claims alleged in this Complaint.

**<u>Facts Related To All Counts</u>**

16.

Aarene suffered or permitted Plaintiff to work over forty hours in a work week on one or more occasions during the relevant period, but did not pay Plaintiff at time and a half his applicable regular rate as defined by the FLSA for all hours worked over forty in a work week as required by the FLSA.

17.

As illustrative but non-exhaustive examples, on one or more occasions within the relevant period, Aarene did not pay Plaintiff for all of his hours worked over forty in a work week at time and a half his applicable regular rate as defined under the FLSA, i.e., his weekly pay divided by forty hours, inclusive of all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

18.

Also by way of non-exhaustive example, during the workweek ending on October 27, 2013, Plaintiff worked six days from his regularly scheduled shift of 9

p.m. until 9 a.m. each of those six days, for approximately 72 hours, and did not receive overtime wages for the approximately 32 hours worked in excess of 40 hours that workweek. His paycheck that failed to contain overtime pay for that pay period ending October 27, 2013 was issued on or about October 31, 2013.

19.

In addition to his salary, Defendants paid Plaintiff a cell phone allowance and a "per diem" payment for hours worked out of town.

20.

In or about August, 2013, Plaintiff complained to his Project Manager that his compensation was insufficient for the number of hours he worked.  After this complaint, Plaintiff still did not receive overtime compensation for any hours he worked over 40 in a workweek.

21.

Defendants required Plaintiff to pay out-of-pocket for certain expenses of his personal vehicle used for Aarene business, including but not limited to expenses for repairs, depreciation, insurance, and tag registration.

22.

The expenses were Defendants' responsibility as an employer.

7

23.

The aforementioned expenses amount to deductions from Plaintiff's pay.

24.

As a result of these deductions, Plaintiff did not receive his wages free and clear.

25.

Defendants failed to supply Plaintiff with all tools of the trade required to perform his duties and, instead, required Plaintiff to incur out-of-pocket expenses to buy and maintain tools of the trade without reimbursement in violation of 29 C.F.R. §§531.3(d), 531-32(c), and WH Opinion Letter dated February 16, 2001. *See* 29 C.F.R. § 531.35.

26.

Defendants were aware prior to and during the relevant period that the FLSA applied to Plaintiff during his work for Aarene.

27.

Upon information and belief, Aarene has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

8

## **Count 1: FLSA**

28.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

29.

Plaintiff was a non-exempt employee under the FLSA throughout his work for Aarene during the relevant period.

30.

Despite being aware that the FLSA applied to Plaintiff, Aarene, and its corporate officer Mills, violated the FLSA by not paying Plaintiff overtime compensation at the rate of one and a half times his proper regular rate for all hours worked over 40 during the relevant period, in addition to liquidated damages and interest for overtime not paid in each paycheck for the applicable pay period.

31.

Aarene, and its corporate officer Mills, failed to pay Plaintiff the overtime compensation owed to them under, and in the manner required by, the FLSA for all of his hours worked over forty in a work week during the relevant period at the regular rate required under the FLSA.

32.

The violations of the FLSA by Aarene, and its corporate officer Mills, as alleged herein were willful.

33.

Plaintiff is entitled to a judgment awarding recovery of his back overtime pay at the rate of one and a half times his applicable regular rate, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants finding a violation of the FLSA and awarding the following relief:

1.    Order Defendants to pay Plaintiff his unpaid back overtime pay at time-and-a-half his applicable regular rates for all hours worked over 40 in a work week during the relevant period, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2.    Order Defendants to pay Plaintiff his costs and attorney's fees; and

3.     Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 28th day of October, 2015.

<div style="margin-left: 40%;">

*s/ Jerilyn E. Gardner*
Jerilyn E. Gardner
Georgia Bar No. 139779
C. Andrew Head
Georgia Bar No. 341472
Head Law Firm, LLC
1170 Howell Mill Rd, NW, Suite 305
Atlanta, Georgia 30318
(404) 924-4151
Email: jgardner@headlawfirm.com
        ahead@headlawfirm.com

*Attorneys for Plaintiff*

</div>

11